UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETERSEN-DEAN, INC.,

    Petitioner,

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

    Respondent.

CASE NO. **19 CV 11299**

PETITION TO VACATE ARBITRATION AWARD



JUDGE HELLERSTEIN

RECEIVED DEC 10 2019 U.S.D.C. S.D. N.Y. CASHIERS

Petitioner Petersen-Dean, Inc., ("Petersen-Dean"), by its attorneys Farella Braun + Martel LLP, bring this Petition for an order pursuant to Federal Arbitration Act ("FAA") 9 U.S.C. § 10 vacating Administrative Order No. 1, pertaining to an award of pre-hearing security, issued on September 12, 2019 in the Arbitration entitled National Union Fire Insurance Company of Pittsburgh, PA v. Petersen-Dean, Inc.

Petersen-Dean alleges as follows:

## NATURE OF THE ACTION

1. On or about September 28, 2018, Respondent National Union Insurance Company of Pittsburgh, PA ("National Union")[1] served a demand for arbitration upon Petersen-Dean. Petersen-Dean and National Union thereafter submitted their claims to arbitration to be governed by the Federal Arbitration Act, 9 U.S.C. Section 1, *et seq*. The parties selected a three-arbitrator panel.

---

[1] The party designations are reversed in the underlying arbitration demand.

2. On or about July 8, 2019, National Union moved the Panel for an award of preheating security, ███████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████

3. The Panel granted in part National Union's request on September 12, 2019 in Administrative Order No. 1 (the "Prehearing Security Award"), ████████████████

████████████████████████ The Prehearing Security Award is attached to the Affidavit of Tyler C. Gerking In Support Of Petition To Vacate Arbitration Award ("Gerking Declaration") as **Exhibit A**.

4. As set forth more fully herein and in the accompanying Memorandum of Law, Petersen-Dean seeks to vacate the Prehearing Security Award pursuant to 9 U.S.C. § 10.[2]

## THE PARTIES

5. Petitioner Petersen-Dean, Inc. is a California corporation with a principal place of business in California.

6. Upon information and belief, Respondent National Union Fire Insurance Company of Pittsburgh, PA, is a Pennsylvania corporation with a principal place of business in New York.

---

[2] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. § 1332, in that this is a civil action involving parties that are citizens of different states, and the amount in controversy exceeds $75,000.

8.  This is an action seeking vacatur of an award rendered in an arbitration subject to the Federal Arbitration Act ("FAA"). This proceeding falls under Chapter 1 of the FAA, 9 U.S.C. §§ 1-16, because it involves a commercial arbitration agreement that is between citizens of the United States. *See* 9 U.S.C. § 1. The relevant arbitration provision also requires the arbitration to be governed by the provisions of 9 U.S.C. § 1 *et seq*.

9.  Venue is proper in this judicial district pursuant to 9 U.S.C. § 10. On information and belief, National Union is a citizen of the Southern District of New York. The agreement containing the arbitration clause in the Payment Agreement, as amended by a 2006 Addendum, provides that "any action or proceeding concerning arbitrability, including motions to compel or stay arbitration, may be brought only in a court of competent jurisdiction in the City, County, and State of New York." Gerking Declaration, Ex. I at p. 27 of 43. The arbitration clause also permits the arbitrators to determine the location of the arbitration. The arbitration hearing will take place at the offices for National Union's counsel in New York, New York.

## FACTS RELEVANT TO THE PETITION

### *The Agreements*

10.  The underlying arbitration arises from a long-running dispute between Petersen-Dean and National Union pertaining to their respective obligations under a series of agreements dating back to 2003.

11. As is relevant to this dispute, Petersen-Dean and National Union are parties to a 2010 agreement (the "Assumption Agreement") in which Petersen-Dean purportedly assumed the rights and obligations of Vaca Valley Roofing, Inc. ("Vaca Valley") pursuant to certain agreements Vaca Valley had entered into with National Union. The Assumption Agreement is attached to the Gerking Declaration as **Exhibit I.**

12. Vaca Valley purchased a number of insurance policies from AIG member companies, including general liability, automobile liability, workers compensation and umbrella liability policies from 2003 to 2009. Several of those policies were issued by National Union and included retrospectively rated premium terms.

13. On July 1, 2003, Vaca Valley and National Union entered into a Payment Agreement, which required payment by Vaca Valley to National Union of certain amounts subject to the above-referenced insurance program (the "Payment Agreement"). This Payment Agreement was amended numerous times between 2003 and 2008. The Payment Agreement, as amended, is attached to the Gerking Declaration as **Exhibit H**.

14. The underlying dispute arises out of the terms of the Payment Agreement, the terms of the individual policies in the insurance program, and the Assumption Agreement.

15. Only two provisions of the Payment Agreement are relevant to this Petition, as set forth more fully in the attached Memorandum of Law: an arbitration provision and a collateral provision.

16. First, the Payment Agreement contains a dispute resolution provision that requires "any other unresolved dispute arising out of this Agreement must be submitted to arbitration." That provision further provides that the arbitration "must be governed by the United States Arbitration Act, Title 9 U.S.C. Section 1, et seq." and that "Judgment upon the award rendered

by the arbitrators may be entered by a court having jurisdiction thereof." It vests the Panel with authority to adjudicate disputes pertaining to the Payment Agreement and states that the arbitrators "may order [Petersen-Dean]³ to provide collateral to the extent required by the Agreement."

17.  Second, the Payment Agreement allegedly requires Petersen-Dean to post collateral to secure its obligation to pay the final premium. Under the heading "WHAT ABOUT COLLATERAL?" and the subheading "Collateral Is Required," the Payment Agreement states: "[Petersen-Dean] must deliver collateral acceptable to us to secure *Your Payment Obligation* at the time(s), in the form(s), and in the amount(s) shown in the Schedule. Subject to the terms of this Agreement, we may apply any collateral we hold in connection with this or any other similar primary casualty insurance Policies or agreements to *Your Payment Obligation*."

18.  The Assumption Agreement does not materially add to these provisions. Its arbitration provision states: "In the event of any dispute between the Parties arising in connection with this Assumption Agreement, such dispute shall be resolved in the manner provided in the Payment Agreements." It makes no mention of an additional collateral requirement.

### *The Arbitration and Award of Prehearing Security*

19.  National Union served the relevant demand for arbitration on or about September 28, 2018. An organizational meeting was held on May 22, 2019.

---

³ The Payment Agreement uses the defined term "*You*" in this paragraph. *You* "means the person or organization named as our Client in the title page of this [Payment] Agreement, its predecessor and successor organization, and each of its subsidiary, affiliated or associated organizations that are included as Named Insureds under any of the *Policies*. Each is jointly and severally liable to us for the entire amount of *Your Payment Obligation*." The Client identified on the title page is Vaca Valley. For simplicity, "*You*" is replaced with "[Petersen-Dean]" in this Petition to denote that Petersen-Dean is alleged to have assumed the Vaca Valley's obligations via the Assumption Agreement. Petersen-Dean does not admit that it assumed such obligations and in any event disputes the scope of such obligations in the arbitration.

20. ████████████████████████████████████████

████████████████████████████████████████

████████████ The motion and opposition papers, as well as the hearing transcript, are attached to the Gerking Declaration as **Exhibits B through E**.

21. On September 12, 2019, the Panel issued the Prehearing Security Award, in

████████████████████████████████████████

████████████████████████████████████████

████████████ Gerking Declaration, Ex. A.

22. In so doing, the arbitrators exceeded their powers set forth in the applicable arbitration clauses. ████████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████

## COUNT ONE – VACATUR OF PREHEARING SECURITY AWARD

23. Petersen-Dean repeats and realleges paragraphs 1 through 23 above as though fully set forth herein.

24. Petersen-Dean brought this action within the three month period provided pursuant to the FAA (9 U.S.C. § 10), during which the parties may seek to vacate or modify the award, issued September 12, 2019.

25. The FAA permits the court to issue an order vacating an award "upon the application of any party to the arbitration [. . .] (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10.

26. As set forth more fully in the accompanying Memorandum of Law, the Panel exceeded its authority in issuing the Prehearing Security Award on the single ground cited in the order.

27. For the foregoing reasons, Petersen-Dean requests an order vacating the Prehearing Security Award pursuant to 9 U.S.C. § 10.

**PRAYER FOR RELIEF**

WHEREFORE, as set forth more fully in the accompanying Memorandum of Law, Petersen-Dean respectfully requests that this Court enter an order vacating the Prehearing Security Award issued September 12, 2019 pursuant to 9 U.S.C. § 10.

Dated this 10th day of December, 2019.

By: _____
Neil Goteiner
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Plaintiff and Petitioner PETERSEN-DEAN, INC.

_____
Andrew N. Bourne AB-9774
Hoguet Newman Regal + Kenney LLP
One Grand Central Place,
60 E. 42nd St, 48th Floor
NY, NY 10165
212-689-8808
abourne@hnrklaw.com